UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 19-cv-61696-GAYLES

RENZO BARBERI,

    Plaintiff,

v.

TAX CONNECK USA INC., a Florida Profit
Corporation, HOWARD DORFMAN and
LINDA KING DORMAN, as Trustees of the
HOWARD DORMAN AND LINDA KING
DORFMAN LIVING TRUST,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Defendants', Howard and Linda King Dorfman, as Trustees of the Howard Dorfman and Linda King Dorfman Living Trust, Motion to Dismiss (the "Motion") [ECF No. 10]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is denied.

Because the Motion challenges Plaintiff's standing to bring this action, the Court construes it as requesting dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction brought under Federal Rule of Civil Procedure 12(b)(1) may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis for subject matter jurisdiction." *Id.* at 1251. Furthermore, "the court must consider the allegations

in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[1] By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'" *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Where the attack is factual, "no presumptive truthfulness attaches to [a] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 412–13 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Notwithstanding whether the challenge is facial or factual, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

Article III of the U.S. Constitution "restricts the jurisdiction of the federal courts to litigants who have standing to sue." *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1001 (11th Cir. 2016), *reh'g en banc denied*, 855 F.3d 1265 (11th Cir. 2017). "[T]he doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). As the party invoking federal jurisdiction, Plaintiff bears the burden of demonstrating that he has standing to sue. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). "[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, —— U.S. ——, 136 S. Ct. 1540, 1547 (2016) (citation omitted) (quoting

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

2

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). As standing is a threshold determinant, the plaintiff must "clearly . . . allege facts demonstrating" standing. *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

The Motion launches a factual attack on the Court's subject matter jurisdiction because Defendants assert that Plaintiff has not suffered an injury in fact. Specifically, Defendants argue that Plaintiff has no standing because he did not physically visit the subject property. Defendants also assert that the alleged Americans with Disabilities Act ("ADA") violations are being remedied. Plaintiff objects to Defendants' characterization of the facts and argues that remediation efforts are insufficient to render Plaintiff's claim moot.

In their Motion, Defendants assert that they do not "believe" that Plaintiff visited their property, or that he intends to return, and that if he did return, "he would not, in any event, suffer future injury if he truly wanted to avail himself" of the services provided there. [ECF No. 10 at 2, 11]. But two problems exist with Defendants' arguments. First, the arguments raise factual questions that strike at the heart of *both* Plaintiff's standing and the merits of his ADA claims. *See Wein v. St. Lucie Cnty., Fla.*, 461 F. Supp. 2d 1261, 1262 (S.D. Fla. 2006) (noting that the Eleventh Circuit has "cautioned that a district court should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action*'" (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003))). To succeed on his ADA claim, Plaintiff must in part prove that he is disabled and that he visited the subject property that failed to meet the federal standard of accessibility. To rule on the factual issues raised by Defendants' Motion, the Court must therefore necessarily address the merits of Plaintiff's claims, namely, whether he physically visited the property. This the Court cannot do. *Id.* Second, making factual findings about Plaintiff's injury at this stage would require the Court to look beyond the Complaint

3

and weigh Plaintiff's and Defendants' credibility. *Id.* The Court declines to do so now because such findings are more appropriately considered at summary judgment or trial. *Id.* ("This Court declines to weigh the sincerity of Mr. Wein's intentions or the credibility of his testimony at this juncture. This Court finds that such factual determinations are better forged in the crucible of trial.").

Defendants also claim that they are currently remediating the property, which will moot out Plaintiff's ADA claims. But, pending repairs cannot render this action moot. *Id.* at 1264–65 (holding that where repairs had not been completed, the court retained power to decide the merits of an ADA suit). Without more, Defendants' Motion cannot succeed.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [ECF No. 10] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of October, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE